UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LEONARDO GOMES, *on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.
and MIDLAND FUNDING, LLC,

    Defendants.
_____/

**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND**

## NATURE OF ACTION

1. Plaintiff Leonardo Gomes ("Plaintiff") brings this putative class action on behalf of himself and all others similarly situated against Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland Funding") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v.*

1

*Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

8. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

9. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA, *Jeter v. Credit*

*Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Miami-Dade, and City of Miami Beach.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. MCM is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. MCM is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

14. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Midland Funding is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person allegedly obligated to pay a debt.

18. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal consumer account (the "Debt").

19. MCM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

20. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Midland Funding uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22. Midland Funding purchases or otherwise acquires defaulted debts from creditors, which it then, either directly or through MCM or other third parties, seeks to collect from the consumer for its own profit.

23. The principal purpose of Midland Funding's business is debt collection.

24. Midland Funding has no other substantial business purpose except to purchase or acquire debt and profit from collected debts.

25. Midland Funding acquired Plaintiff's Debt after it was alleged to be in default.

26. At all relevant times, MCM acted on behalf of Midland Funding to collect or attempt to collect the Debt from Plaintiff.

27. On July 5, 2017, MCM, itself and on behalf of Midland, sent Plaintiff a letter in connection with the collection of the Debt.

28. A true and accurate copy of Defendants' July 5, 2017 letter is attached to this complaint as Exhibit A.

29. The July 5, 2017 letter states that the current balance of the Debt is $2,146.73. Exhibit A.

30. The July 5, 2017 letter offered Plaintiff three type of payment plans in order to resolve the Debt, a single payment, six monthly payments, and a monthly payment plan for as low as $50 a month. Exhibit A.

31. The July 5, 2017 letter encouraged Plaintiff to "[a]ct now to maximize your savings and put this debt behind you" and emphasized the "[b]enefits of paying!" Exhibit A.

32. Below these statements and the payment plans, the July 5, 2017 letter states that the "law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." Exhibit A.

33. The Debt is no longer enforceable by judicial means.

34. In Florida, any payment or written acknowledgment on a time-barred debt constitutes a new promise to pay and renews the statute of limitations. Fla. Stat. § 95.04.

35. Defendants' July 5, 2017 letter does not explain that a partial payment would renew the statute of limitations on the Debt.

36. Despite the fact that a partial payment by Plaintiff could renew the statute of limitations on the entire amount of the Debt owed, the July 5, 2017 letter makes no mention of the substantial risks of a partial repayment. Exhibit A.

37. Therefore, Defendants' July 5, 2017 letter is unfair and unconscionable where it fails to explain that a partial payment or written acknowledgement of the time-barred Debt could renew the statute of limitations.

38. Defendants' July 5, 2017 letter is also deceptive or misleading where it fails to give Plaintiff information which is material to his decision whether to make a payment to Defendant.

## CLASS ACTION ALLEGATIONS

39. Plaintiff repeats and re-alleges all factual allegations above.

40. Defendants' July 5, 2017 letter is based on a form or template used to send initial collection letters to debtors (the "Template").

41. The Template solicits payment on a debt past the applicable limitations period without disclosing that a partial payment would restart the statute of limitations, in the same manner as Defendants did with Plaintiff above.

42. Defendant has used the Template to send collection letters to over 40 individuals in the State of Florida within the year prior to the filing of the original complaint in this matter.

43. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Florida address, to whom MCM sent a letter, on behalf of Midland Funding, based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

44. The class is averred to be so numerous that joinder of members is impracticable.

45. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

46. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

47. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact

6

predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA and FCCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

48. Plaintiff's claims are typical of those of the class he seeks to represent.

49. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

50. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

51. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

52. Plaintiff is willing and prepared to serve this Court and the proposed class.

53. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

54. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

55. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a

practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

56. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

59. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## MCM

60. Plaintiff repeats and re-alleges each factual allegation contained above.

61. The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

62. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

63. When a debt is past the statute of limitations, "collection efforts offer opportunities for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

64. When faced with a settlement offer or a demand for payment, "an unsophisticated consumer debtor who makes the first payment or who promises to make a partial payment is much worse off than he would have been without taking either step. If he then fails or refuses to pay further, he will face a potential lawsuit." *Id.* at 685.

65. "[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand." *Id.*

66. MCM violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by

omitting material information regarding the debt and by coaxing the consumer to make a payment and revive the statute of limitations without an unambiguous disclaimer that doing so would restart the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MCM violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f
## MCM

67. Plaintiff repeats and re-alleges each factual allegation contained above.

68. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

69. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

70. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

71. MCM violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including by soliciting payment of a debt from Plaintiff, thus luring the consumer away from the shelter of the statute of limitations, without providing an unambiguous warning that an unsophisticated consumer would understand that doing so would restart the limitations period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MCM violated 15 U.S.C. § 1692f with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e
## MIDLAND FUNDING

72. Plaintiff repeats and re-alleges each factual allegation contained above.

73. MCM violated 15 U.S.C. § 1692e as detailed in Count I.

74. Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Midland Funding violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
## MIDLAND FUNDING

75. Plaintiff repeats and re-alleges each factual allegation contained above.

76. MCM violated 15 U.S.C. § 1692f as detailed in Count II.

77. Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Midland Funding violated 15 U.S.C. § 1692f with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

78. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 15, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206